UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:16-CV-468-JMH-EBA

HERDGUARD, LLC                                                                              PLAINTIFF,

V.                         **MEMORANDUM OPINION AND ORDER**

NXT GENERATION PET, INC., et al.,                                              DEFENDANTS.

## INTRODUCTION

This matter comes before the Court upon Plaintiff Herdguard, LLC's Motion to Compel Defendant NXT Generation, Pet, Inc. ("NXT") to respond to its Request for Production of Documents filed on March 8, 2018. [R. 34; R. 58-3]. The Court held a telephone conference call on September 8, 2018 during which Plaintiff indicated this present discovery dispute. [R. 57]. Thereafter, the undersigned directed the parties to file briefings for the Court's review. This matter is ready for ruling, following Plaintiff's Reply, [R. 61], to Defendant's Response and Objection to Plaintiff's Motion to Compel, [R. 59].

All discovery disputes have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). [R. 28]. Accordingly, having considered the matter fully, and being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's Motion to Compel [R. 58] be **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

This action arises from Plaintiff's claims of breach of contract, civil conspiracy, unjust enrichment, and tortious interference with business relationships against NXT and Vermont Soap

Corp. ("Vermont Soap"). [R. 1-1 at 3]. Plaintiff alleges that NXT and Vermont Soap violated their non-disclosure agreements with Plaintiff, by going into business with one another, thereby revealing confidential and proprietary information about Plaintiff's products. [R. 1-1 at 7 ¶ ¶ 45, 51; *Id.* at 8 ¶ 61; *Id.* at 9 ¶ ¶ 65, 69; *Id.* at 10 ¶ 73].

The discovery at issue in this motion concerns Plaintiff's First Set of Request for Production of Documents which were served to NXT on March 8, 2018 [R. 34; R. 58-3 at 6 ¶ 19]. In reply, NXT raised certain objections contained within the discovery requests on the basis that they were "oppressive, unreasonable, and exceed[ed] the scope of discovery permitted by the Federal Rules of Civil Procedure." [R. 59-5 at 1 ¶ ¶ 1-2]. Nonetheless, while NXT responded to each discovery request, NXT expressly reserved the right to supplement the responses.

On June 28, 2018, in order to allow for the scheduling of depositions, the parties filed a Joint Motion to Extend the Fact Discovery Deadline from June 29, 2018 to July 31, 2018. [R. 42]. This motion was granted. [R. 51]. On July 26, 2018 NXT provided Supplemental Responses to Plaintiff's discovery request, which were designated as confidential and subject to agreed-upon terms of a protective order. [R. 52; R. 55; R. 59 at 6]. The parties' Motion for Protective Order, filed on August 10, 2018, was for the purpose of "expedit[ing] the flow of discovery, facilitat[ing] the prompt resolution of disputes over confidentiality, adequately protect[ing] material entitled to be kept confidential, and to insure [sic] that protection is afforded only to materials so entitled." [R. 55].

On September 18, 2018, during a telephonic conference, the undersigned became aware of the present discovery dispute between the parties. [R. 57]. The next day, Plaintiff filed this underlying Motion to Compel, alleging that NXT failed to comply with Request #19 in its Request for Production of Documents, which had been served to them on March 8, 2018. [R.

58]. On September 24, 2018, NXT filed a Response and Objection to Plaintiff's Motion. [R. 59].

In sum, Defendant argues that: (1) Plaintiff's Request seeks irrelevant information, which is not

proportional to the needs of this case, and (2) Plaintiff's Motion should be denied on the basis

that it was filed nearly two months after the extended fact discovery deadline, and thus, is

untimely. [*Id.* at 7-10]. In response, on September 28, 2018, Plaintiff filed a Reply in Support of

this Motion to Compel. [R. 61]. Plaintiff's main argument is that Request #19 is relevant because

it will establish a measure of damages to which Plaintiff is entitled to pursuant to the alleged

breach of the parties' 2015 Non-Disclosure Agreement. [R. 58; R. 61].

## STANDARD OF REVIEW

Fed. R. Civ. P. 26(b)(1) provides that—unless otherwise limited—"[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." This language is broadly construed to include "any matter

that bears on, or that reasonably could lead to other matters that could bear on, any issue that is

or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope

of discovery, however, is not without limitation. It is "well established that the scope of

discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643

F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*,

536 F.2d 1115 (6th Cir. 1976)). As such, "[a] ruling by the trial court limiting or denying

discovery will not be cause for reversal unless an abuse of discretion is shown." *Id.* (citing Fed.

R. Civ. P. 26(b); *H. L. Moore Drug Exch., Inc. v. Smith, Kline and French Lab.*, 384 F.2d 97 (2d

Cir. 1967)).

Where a party refuses to provide information requested by any other party, which is

thought by the requesting party to be within the scope of Fed. R. Civ. P. 26(b)(1), the requesting

party may move the court in which the action is pending to compel disclosure of the requested information. Fed. R. Civ. P. 37(a)(3)(B). Such a motion to compel generally may be filed where a party has failed to provide mandatory disclosure; failed to answer or admit an interrogatory or request for admission; or failed to produce discoverable information, materials, or documents— electronic or otherwise. *See generally* Fed. R. Civ. P. 37. A failure to disclose, answer or admit, or produce includes disclosures, answers or admissions, or productions that are "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). Prior to so moving, however, a party seeking to compel disclosure or discovery must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Should the court determine the matters sought to be compelled fall within the scope of Fed. R. Civ. P. 26, the motion shall be granted. Nonetheless, district courts may deny as untimely motions to compel filed after the discovery deadline has passed. *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 642-43 (6th Cir. 2018); *see also Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 Fed.Appx. 505, 508 (6th Cir. 2014). In fact, motions to compel filed after the discovery deadline will generally be deemed untimely. *See, e.g., Appalachian Reg'l Healthcare v. U.S. Nursing Corp.*, 2017 WL 9690401, at *3-6 (E.D. Ky. 2017); *Thomas v. Louisville/Jefferson Cty. Metro Gov't*, 2016 WL 4385857, at *1 (W.D. Ky. 2016); *Mitchell v. Mike*, 2015 WL 8770073, at *2-3 (E.D. Ky. 2015).

## TIMELINESS OF PLAINTIFF'S MOTION TO COMPEL

On March 8, 2018, Plaintiff, through Request Number 19 of its First Set of Discovery Requests to NXT, [R. 59-5 at 10], sought the following:

**REQUEST NO. 19:** Produce all sales receipts and invoices for any sales of any product for pet order [sic] control, scent free shampoo for pets, powder applications for pets, dusting for pets, pet spray, pet odor sprays, shampoo for tick or chigger control, all natural products for pets, pet

bedding detergents, and organic products for pets that you have directed, or made, since May 1, 2015.

On April 23, 2018, NXT filed a Motion for an Extension of Time to and including May 14, 2018, for which to serve any responses and objections to Plaintiff's Requests for Production. [R. 35]. This Court granted its request for an extension. [R. 39]. Accordingly, when NXT served its Responses, NXT objected to Request Number 19, as follows:

> **RESPONSE:** NXT, by counsel, objects to this request because it is overly broad and unduly burdensome because it seeks information irrelevant to the claims and defenses proceeding in this case. NXT further objects to this request as it is vague and not proportional to the needs of this case. Without waiving these objections, NXT affirmatively states that it does not and has never sold or marketed any pet odor spray products or any products related to pet odor control. NXT further states that it does not and has never sold or marketed any product using any formula of Herdguard or using diatomaceous earth. Without waiving these objections, NXT is not in possession of materials responsive to this request, but it is reviewing its records for any documents responsive to this request. To the extent NXT locates discoverable materials responsive to this request, NXT will supplement this response pursuant to the Federal Rules of Civil Procedure and the Scheduling Order.

Before the parties filed their Motion for a Protective Order, NXT supplemented this response with invoices from Vermont Soap to NXT. [R. 52]. Notwithstanding, because NXT did not provide the invoices for *all* sales made by NXT for the period of May 2015 to the present, Plaintiff argues that NXT has been unresponsive. [R. 58 at 3 ¶ 2]. Plaintiff's main argument for which it seeks to compel production of these documents is that it is relevant to the issue of damages for the alleged breach of the parties' 2015 Non-Disclosure Agreement. [R. 58 at 5].

In this case, however, Plaintiff has failed to articulate any justifications for filing this motion past the close of discovery. To illustrate, Plaintiff sought leave to file this Motion to Compel fifty (50) days after this Court extended the deadline for fact discovery. [R. 51]. Review of the record not only demonstrates that the parties filed a joint motion for extension of time to complete discovery, but also filed a protective order for the purpose of expediting the flow of discovery and effectively resolving discovery proceedings. Though Plaintiff argues that it has

engaged in good faith attempts to resolve this dispute extrajudicially, the undersigned is not convinced.

Upon review of the email correspondence between the parties, the Court finds that even if Plaintiff recognized and contacted defense counsel about the alleged deficiencies regarding the response to Request #19, Plaintiff did not bring them to the Court's attention until *after the undersigned was advised that there was a discovery dispute* well after the time to complete discovery ended. Thus, having fully considered the matter, and being duly and sufficiently advised,

**IT IS ORDERED** that Plaintiff's Motion to Compel, [R. 58], is **HEREBY DENIED**.

This the 16th day of October, 2018.

Signed By:

*Edward B. Atkins*

United States Magistrate Judge